IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK BUTLER,<br>　　Plaintiff, | : : : | |
| v. | : : | CIVL ACTION NO. 22-CV-3252 |
| DAVID PENCHISHEN, *et al.*,<br>　　Defendants. | : : | |

**ORDER**

AND NOW, this 26th day of September, 2022, upon consideration of Plaintiff Patrick Butler's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Patrick Butler, #0002511, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Northampton County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Butler's inmate account; or (b) the average monthly balance in Butler's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Butler's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Butler's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Northampton County Prison.

4. The Complaint is **DEEMED** filed.

5. Butler's claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim except for (a) his RLUIPA claims against individual Defendants, which are **DISMISSED WITH PREJUDICE**; and (b) his Free Exercise claim and Equal Protection claim against Northampton County, David Penchishen and Chris Gebhardt, and his RLUIPA claim against Northampton County based on the failure to provide Jumu'ah services, which pass statutory screening at this time.

6. The Clerk of Court is **DIRECTED** to send Butler a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

7. Butler is given thirty (30) days to file an amended complaint in the event he can allege additional facts to cure the defects in the claims the Court dismissed without prejudice. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Butler's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 22-3252. **If Butler files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Butler's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. Claims that are not included in the amended complaint will not be considered part of this case. This means**

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

**that if Butler files an amended complaint and seeks to proceed on his claims related to Jumu'ah services, he must reallege those claims in the amended complaint**.  When drafting his amended complaint, Butler should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8.	If Butler does not file an amended complaint the Court will direct service of his initial Complaint on Northampton County only so that Butler may proceed on his Free Exercise claim and Equal Protection claim against Northampton County, Penchishen and Gebhardt, and his RLUIPA claim against Northampton County based on the failure to provide Jumu'ah services.  Butler may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint.  If he files such a notice, Butler is reminded to include the case number for this case, 22-3252.

9.	The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

		BY THE COURT:


		  /s/ Juan R. Sánchez
		**JUAN R. SÁNCHEZ, C.J.**

3